UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

---

Chicago Title Insurance Company,

    Plaintiff,

vs.

Pierce Law Firm, LLC and Trichina
Huntley Pierce,

    Defendants.

---

**ORDER**
Civil Action No. 4:11-cv-2498-RBH

Before the Court is the plaintiff's Motion for Clerk's Entry of Default Against all Defendants, ECF No. 17.

By way of background, this action was filed in this court on September 18, 2011. The Summons and Complaint were initially served on December 7, 2011 on "a Johnny Pierce, spouse," at 1031 Meadow Oaks Drive, Hartsville, South Carolina. A Request for Entry of Default was filed, and the Clerk of this court duly entered default. Plaintiff filed a Motion for Default Judgment on April 6, 2012. The Court held a telephone status conference with counsel for the plaintiff on April 30, 2012. The Court entered a Text Order after the telephone conference as follows:

> The Court held a short telephone conference with Plaintiff's counsel regarding the Court's concerns about the entry of default as to both the LLC and the individual defendant and also its concerns about the calculation of the amount of damages indicated in Paragraph 5 of the plaintiff's affidavit, Docket Entry # 11-1. As to the entry of default and proper service of the LLC, it appears that a Mr. Johnny Pierce was served both as to the LLC and the individual, Ms. Pierce. There is no evidence before the Court that Mr. Pierce is an officer or agent of the LLC. Further, as to the entry of default against Ms. Pierce, this is a legal malpractice lawsuit and the South Carolina Bar Lawyers Desk

1

> Book for 2011-2012 indicates an address out of state rather than the
> Hartsville address shown on the affidavit of service. Therefore, the
> Court questions at this time whether proper service has been effected
> on the individual as well. The Court accordingly vacates #9 entry of
> default by the Clerk as to both defendants and orders pursuant to Fed.
> R. Civ. P. 4(m) that service be made on both defendants within 60
> days. The plaintiff may re-file a request for entry of default as to the
> individual defendant if it is able to satisfy the Court that service was
> proper upon Johnny Pierce. Further, the [11] Motion for Default
> Judgment is denied without prejudice.

On July 5, 2012, the plaintiff filed a return of service indicating that the summons and complaint were served upon a Caleb McCullough "as co-resident/brother" of Defendant Trichina Huntley Pierce at 6403 N. 45th Street, Tampa, Florida on June 14, 2012. Under Fed. R. Civ. P. 4(e)(2)(B), an individual may be served in a judicial district of the United States by leaving a copy "at the individual's dwelling . . . with someone of suitable age and discretion who resides there." Thus, the plaintiff has attained proper service on Defendant Trichina Huntley Pierce, individually, and the Clerk shall enter default as to this defendant.

However, as to the service on Pierce Law Firm, LLC, under Fed. R. Civ. P. 4(h)(1) a corporation, partnership, or association must be served in a judicial district of the United States "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and– if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant. . ." Rule 4(e)(1) provides that an individual may be served by following the state law in the state where the district court is located or where service is made. Rule 4(d)(3) of the South Carolina Rules of Civil Procedure provides that corporations and partnerships shall be served by delivering a copy to an "officer, a managing or general agent, or to any other agent authorized by appointment or by law

2

to receive service of process and if the agent is one authorized by statue to receive service and the statute so requires, by also mailing a copy to the defendant." No information before the court indicates that Mr. McCullough is an officer, managing or general agent, or any agent authorized to receive service of process for Pierce Law Firm, LLC. According to the Return of Service, the registered agent for the LLC is Ms. Pierce. Therefore, under South Carolina law, where this court is located, the service of the LLC would not be effective. Under Florida law, where the process was served, the service on Mr. McCullough would also be ineffective. *See* § 48.081 Fla. Stat. (1995). Therefore, service upon Pierce Law Firm, LLC has not been effected, and the Court accordingly dismisses it without prejudice pursuant to Fed. R. Civ. P. 4(m).

## CONCLUSION

The Motion for Entry of Default (ECF No. 17) is granted in part, as to Defendant Trichina Huntley Pierce, and the Clerk shall enter default against her. However, the motion is denied as to the defendant Pierce Law Firm, LLC, and this defendant is dismissed without prejudice. Counsel shall file a Motion for Default Judgment as to Defendant Trichina Huntley Pierce with supporting affidavit as to the amount within ten (10) days of the date of this order.

**AND IT IS SO ORDERED**.

Dated: September 28, 2012

s/ R. Bryan Harwell
**R. BRYAN HARWELL**
United States District Judge