UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

---------------------------------------------------------------
Chicago Title Insurance Company,

    Plaintiff,

vs.

Trichina Huntley Pierce,

    Defendant.
-------------------------------------------------

**ORDER**
Civil Action No. 4:11-cv-2498-RBH

Before the Court is the plaintiff's Motion for Default Judgment against Defendant, Trichina Huntley Pierce[1], ECF No. 22. A review of the Court's file indicates that the Summons and Complaint in this action were duly served upon the Defendant on June 14, 2012, and an Affidavit of Service indicating the same was filed with the Clerk on July 5, 2012. Said Defendant has failed to plead or otherwise appear in this action. The Clerk entered default on September 28, 2012. Plaintiff has now filed a Motion for Default Judgment.

The Court finds there is no need for an evidentiary hearing and that a decision is properly reached on the basis of the uncontested pleadings and affidavit submitted. *See* Fed. R. Civ. P. 55(b)(2)("The Court may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (c) establish the truth of any allegation by evidence; or (D) investigate any other matter."); *Anderson v. Foundation for Advancement, Educ. and Employment of American Indians*, 155 F.3d 500, 507 (4th Cir. 1998) ("We

---

[1] Another defendant, Pierce Law Firm, LLC, was previously dismissed without prejudice by the Court pursuant to Fed. R. Civ. P. 4(m).

do, of course, recognize that in some circumstances a district court entering a default judgment may award damages ascertainable from the pleadings without holding a hearing."); *JTH Tax, Inc. v. Smith*, 2006 WL 1982762 at *2 (E.D. Va. 2006) ("If the defendant does not contest the amount pleaded in the complaint and the claim is for a sum that is certain or easily computable, the judgment can be entered for that amount without further hearing.")

The Court has reviewed the Plaintiff's submissions, and has determined that they provide a reasonable basis upon which to rest an award of damages that is easily computable. The affidavit of Frank Winicki, an Assistant Vice President/Claims Officer for Fidelity National Title Group, Inc., the parent company for Plaintiff, Chicago Title Insurance Company, is attached to the Motion for Default Judgment now before the Court (ECF No. 22-1). In this affidavit, Mr. Winicki states that Plaintiff's total damages are $239,308.75.[2]  Therefore, it is hereby

**ORDERED AND ADJUDGED** that Chicago Title Insurance Company, the Plaintiff, does recover of **Trichina Huntley Pierce,** the sum of **$239,308.75**.

The Court orders that judgment by default be entered against the defendant, Trichina Huntley Pierce, as set forth above.

---

[2] The total damage amount of $239,308.75 is the same amount that was claimed in an affidavit filed with the Court in support of an earlier Motion for Default Judgment (ECF No. 11). In a telephone status conference, the court called counsel's attention to what appeared to be a mathematical error in the affidavit. However, Plaintiff has filed a second affidavit, again requesting the amount of $239,308.75.

**AND IT IS SO ORDERED.**

Dated: October 16, 2012

s/ R. Bryan Harwell
**R. BRYAN HARWELL**
United States District Judge
